UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DENISE DE CECCO and MALIK WYRICK,                               No. 05-12122

                              Debtor(s).
_____/

DENISE DE CECCO and MALIK WYRICK,

                              Plaintiff(s),

      v.                                                                               A.P. No. 05-1132

UNITED STATES OF AMERICA, et al.,

                              Defendant(s).
_____/

Memorandum After Trial
_____

       Plaintiffs Malik and Denise Wyrick (nee DeCecco) are in their 30s and have been married about two years. They have a small child and another on the way. Each incurred student loan debt prior to their marriage. They filed a joint Chapter 7 petition in 2005. By this adversary proceeding, they seek a determination that their student loans are dischargeable due to undue hardship pursuant to § 523(a)(8) of the Bankruptcy Code.

       Denise's case is by far the most compelling. She has a history of severe psychological difficulties

1

including major depression and anxiety which has resulted at times in hospitalization. She attributes these problems to a very abusive family life, and has chosen as her profession working with people with similar problems and backgrounds. She earned an M.A. in counseling psychology and is a licensed Marriage and Family Therapist. Her student loans, totaling about $107,000.00, were incurred during graduate school.

The court's observations of Denise are entirely consistent with her testimony as well as the testimony of both her therapist and the expert retained by creditor and defendant Educational Credit Management Corporation (ECMC). Denise is a small, slight woman who appears fragile, waifish, and highly stressed. She has been able to overcome her severe psychological problems and achieve academic success and gainful employment while being a wife and mother. However, it is clear that these responsibilities take a constant toll on her, and that she is heavily dependent on therapy and medication to keep functioning.

Denise and Malik live extremely modestly and have no assets, and have had to cash in retirement funds in order to make ends meet. They recently moved to Connecticut, where Denise has taken a position in her field as an Intake Coordinator at a facility for emotionally disturbed children. Malik is employed on an hourly basis at the same facility and also works as a classroom assistant at a hospital helping disturbed children. Denise makes about $45,000.00 per year, with some possibility for advancement. Malik makes about $30,000.00 per year at his two jobs. They have a current net income of about $5200.00 per month. Their reasonable expenses, with no allowance for recreation, are equal to their income. They have no current ability to make any payments on their student loans.

To obtain a hardship discharge of a student loan, a debtor must show that she cannot maintain, based on current income and expenses, a minimal standard of living if forced to repay the loans, that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period, and that she has made a good faith effort to repay the loans. *In re Pena,* 155 F.3d 1108, 1111 (9th Cir. 1998). "Additional circumstances" can include serious mental problems, obligations to care for dependents, lack of assets, potentially increasing expenses likely to offset increases in income, and lack of better financial options elsewhere. *In re Nys*, 446 F.3d 938, 947 (9th Cir. 2006). Based on these

considerations, the court has no difficulty finding undue hardship.[1]  Indeed, the facts in this case are far more compelling than those in *Nys*, where the debtor was a perfectly happy and healthy individual who based her claim to undue hardship only on having reached a professional dead end.

ECMC argues that despite the social utility of her work Denise ought to seek employment in a different field in order to maximize her income.  The problem with this argument is that it assumes that Denise would be able to continue to successfully battle her psychological problems no matter what field she is in.  The court does not believe this is the case.  It appears to the court that a primary factor which allows Denise to keep functioning despite her handicaps is that she is dedicated to helping others with backgrounds and problems similar to hers.   Without this sense of purpose, the court doubts that Denise would be able to keep her demons at bay.

Malik's situation is different from Denise's for several reasons.  Educated and personable, he is under-employed at present but the court believes that there is an excellent chance that he will do well in the future and increase his income significantly.  He has demonstrated a current lack of ability to pay due to the needs of his young family, but nothing which is likely to persist for a significant portion of the repayment period.  The court finds it necessary to grant some brief relief due to concerns regarding Denise and the children, but no undue hardship as far as he, considered alone,  is concerned.

For the foregoing reasons, the court finds undue hardship as far as Denise is concerned but not Malik.  Because they are married, some joint relief is temporarily necessary.    Moreover, the court believes that Denise has enough future prospects that she can eventually pay a portion of her student loan debt.  Accordingly, the court will enter a judgment providing as follows:

1. All of Denise's student loans are discharged except for the sum of $10,000.00, plus interest at the contract rate from entry of judgment.

2. All of Malik's student loans are nondischargeable.

---

[1] Denise has never made any payments on her loans, but has never been able to do so.  She has demonstrated good faith.

3

3. All collection activity on all student loans of both debtors shall be stayed for a period of 24 months from entry of judgment.

4. All parties shall bear their own costs and fees.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiffs shall submit an appropriate form of judgment which counsel for defendants have approved as conforming to this decision.

Dated: July 2, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

4